IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CRYSTAL DAWN VICK                                        PLAINTIFF


        v.                          CIVIL NO. 19-6088


ANDREW M. SAUL, Commissioner
Social Security Administration                          DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Crystal Dawn Vick, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  <u>See</u> 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for SSI on January 31, 2017, alleging an inability to work due to chronic back problems, depression, high blood pressure, high cholesterol, and diabetes. (Tr. 167).  An administrative video hearing was held on June 14, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 49-69).

By written decision dated October 11, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 24).  Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disorder, obesity, a mood disorder, and a personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments

1

did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 25). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 416.967(a). She is further limited to only occasional stooping, crouching, climbing, or balancing. The claimant is able to perform work where interpersonal contact is incidental to work performed, complexity of tasks is learned and performed by rote, with few variables, little judgment, and where supervision required is simple, direct, and concrete. However, the claimant cannot deal with the general public.

(Tr. 26). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a circuit board assembler or a peanut sorter. (Tr. 30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on June 24, 2019. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 3). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 16,17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari,

258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 3rd day of June 2020.

/s/ Erin L. Wiedemann
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE